STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 124-10-19 Vtec

Suburban Propane, LP Cond. Use & Site Plan Application

**ENTRY REGARDING MOTION**

Title:        Motion to Dismiss Cross Appeal (Motion 5)

              Motion to Strike Statement of Questions (Motion 4)

Filer:        Town of Manchester

Attorney:     Merrill E. Bent
Filed Date:   January 27, 2020

Response in Opposition filed on 02/13/2020 by Attorney Christopher D. Roy for
        Cross-Appellant Suburban Propane, LP

Reply in support filed on 02/26/2020 by Attorney Merrill E. Bent for the Town of Manchester

**The motion is DENIED.**

This matter relates to a decision of the Town of Manchester Development Review Board ("DRB") granting conditional use and site plan approvals to Suburban Propane, LP ("Applicant" or "Suburban") to construct two propane storage tanks and associated infrastructure on a lot at 134 Taconic Business Park Road in Manchester, Vermont ("the Project"). Neighboring property owners Ben and Sandra Weiss, together and doing business as Weiss Properties, LLC ("Appellants"), appeal the DRB's decision. Suburban has filed a cross-appeal challenging specific conditions and conclusions in the DRB's decision. The Town of Manchester ("Town") is participating as an interested person.

Before the Court is the Town's motion to strike Suburban's Statement of Questions and dismiss its cross-appeal. The Town asserts that Suburban signed an acknowledgment contained in the DRB's decision which included a "limiting provision," and therefore Suburban is foreclosed from challenging any "substantive determinations and conditions" on appeal.

Pursuant to V.R.C.P. 12(f), a party may move to strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." We have been advised that motions to strike should be used sparingly and should not be used to address the substance of a filing. *See* Watson v. Village at Northshore I Ass'n, Inc., No. 2013-451, 2014 WL 3714662, at *2 (Vt. May 1, 2014) (unpublished mem.); In re Werner Conditional Use, No. 44-4-16 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Aug. 31, 2016) (Durkin, J.). Thus, we consider a motion to strike questions

on substantive grounds as a motion to dismiss for lack of subject matter jurisdiction under V.R.C.P. 12(b)(1).  In re Ring 85 Depot Street Conditional Use, No. 138-11-15 Vtec, slip op. at 1 n.1 (Vt. Super. Ct. Envtl. Div. July 3 6, 2016) (Walsh, J.); *see also* In re Conlon CU Permit, No. 2-1-12 Vtec, slip op. at 1 (Vt Super Ct. Envtl. Div. Aug. 30, 2012) (Durkin, J.).

An appellant's Statement of Questions is also "subject to a motion to dismiss or clarify some or all of the questions."  V.R.E.C.P. 5(f).  In reviewing such a motion, the Environmental Division utilizes the standards set out in V.R.C.P. 12.  *See* V.R.E.C.P. 5(a)(2) (providing that the Vermont Rules of Civil Procedure apply generally to this Court's proceedings); In re Union Bank, No. 7-1-12 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Nov. 8, 2012) (Durkin, J.).  When reviewing a motion to dismiss pursuant to V.R.C.P. 12(b)(1) for lack of subject matter jurisdiction, we accept all uncontroverted factual allegations as true and construe them in the light most favorable to the nonmoving party.  Rheaume v. Pallito, 2011 VT 72, ¶ 2, 190 Vt. 245.  When reviewing a motion to dismiss pursuant to V.R.C.P. 12(b)(6) for failure to state a claim, we take all well-pleaded factual allegations as true and "assume that the movant's contravening assertions are false." Alger v. Dep't of Labor & Industry, 2006 VT 115, ¶ 12, 181 Vt. 309 (citation omitted).  A motion to dismiss for failure to state a claim may not be granted unless it is beyond doubt that there are no facts or circumstances that would entitle Suburban to relief.  *See* Colby v. Umbrella, Inc., 2008 VT 20, ¶ 5, 184 Vt. 1 (citation omitted).

The Town argues that Suburban is barred from challenging the conclusions reached or conditions imposed by the DRB because a Suburban representative signed the following acknowledgement provision:

> By this form, I do hereby attest that I have read and understand these Manchester Development Review Board Findings of Fact, Conclusions of Law, Decision and Order and all applicable sections of the Manchester Land Use & Development Ordinance, and do hereby agree to abide by these Findings of Fact, Conclusions of Law, Decision and Order as written and approved.

DRB Findings of Fact, Conclusions of Law, Decision & Order, at 21, Oct. 2, 2019.  According to the Town, the agreement to abide by the terms of the DRB's decision "as written and approved" eliminates Suburban's right to challenge the substance of the decision.  The Town maintains that this is not a waiver of the right to cross-appeal, because "it would not preclude a cross appeal with a Statement of Questions seeking to redefine or reframe the issues raised by the Appellant, but without challenge to the permit conditions."  Town's Reply in Support of Motion to Strike and Dismiss at 2, filed Feb. 26, 2020.  In other words, the Town argues that Suburban can participate in this appeal only to the extent that it argues in support of the decision "as written and approved."

Suburban argues that the acknowledgment provision is not enforceable as a waiver of its right to challenge the terms and conditions of the DRB's decision.  We agree.  Our interpretation is guided by the Vermont Supreme Court's analysis in Weinstein v. Leonard, which applied the principles set forth in Colgan v. Agway, Inc.  *See generally* Weinstein v. Leonard, 2015 VT 136, ¶ 11, 200 Vt. 615; Colgan v. Agway Inc., 150 Vt. 373 (1988).  The dispute in Weinstein, a civil action, arose from a related municipal proceeding where landowners in a subdivision received a zoning permit to build a barn on their property.  Their neighbor appealed to the local Development

Review Board, and then to the Environmental Division.  Weinstein, 2015 VT 136, ¶ 2–4.  In Weinstein, the landowners claimed that the neighbor's appeals violated a clause in the subdivision Declaration where each owner agreed "that such Owner will not take any action to contest or interfere with any development of the Community so long as such development is consistent with the Land Use Approvals."  Id. ¶ 9 (quotation omitted).  The landowners argument, "[i]n essence," was that the clause acted as a type of exculpatory waiver agreement "under which [the neighbor] waived her right to participate in municipal development review proceedings and any judicial review of such proceedings."  *See* id. ¶ 11 (suggesting that the landowners were advocating "a form of exculpatory waiver agreement").

The Town advocates for a similar waiver in this case.  While Suburban can technically participate through a cross-appeal, and "[t]he waiver asserted may not forfeit substantive rights," the Town's reading of the acknowledgment provision would effectively "prohibit participation in the process to vindicate those rights."  *See* id. ¶ 15.  As with the neighbor in Weinstein, Suburban is an interested person with the right to appeal "the decision rendered" by the DRB.  *See* 24 V.S.A. §§ 4471, 4465(b)1; *see also* Weinstein, 2015 VT 136, ¶ 16 (citations omitted).  In substance, the Town's theory creates a waiver agreement preventing Suburban from a meaningful appeal of the DRB's decision.  Weinstein held that such waivers "must meet at least the standards of Colgan."  *See* Weinstein, 2015 VT 136, ¶ 19.

As Colgan explains, exculpatory waiver agreements are generally disfavored, and they are subject to "exacting judicial scrutiny."  *See* Colgan v. Agway Inc., 150 Vt. 373, 375 (1988); *see also* Weinstein, 2015 VT 136, ¶ 11.  "A greater degree of clarity is necessary" for an effective exculpatory clause as compared to other contract provisions, and "they must be strictly construed against the party relying on them."  Colgan, 150 Vt. at 375 (citation omitted); *see also* Weinstein, 2015 VT 136, ¶ 11.  In short, the language must be "clear enough that the intent of both parties to [waive the right to judicial review is] unmistakable."  Colgan, 150 Vt. at 375; *see also* Weinstein, 2015 VT 136, ¶¶ 17, 19.

The language here does not meet that standard.  The acknowledgment provision "does not explicitly reach . . . judicial review" or waive the right to contest the decision through an appeal to the Environmental Division.  *See* Weinstein, 2015 VT 136, ¶ 19.  Nor are there any "words conveying a similar import."  *See* Colgan, 150 Vt. at 376.  The fact that Suburban agreed to "abide by . . . [the] Decision and Order as written and approved" does not unmistakably waive the right to seek judicial review of the conclusions and conditions therein.  *See* Weinstein, 2015 VT 136, ¶ 19 (quoting Colgan, 150 Vt. at 375).  The unmistakable import of the acknowledgment provision, if anything, is that Suburban agreed to abide by the terms of the approval in constructing the Project – as any permittee must do.  A municipal permit is enforceable unless and until it is modified or replaced by a decision of this Court, which conducts a *de novo* review in the place of the municipal panel.  We cannot reasonably construe the provision to give "fair notice," or indeed any indication, that Suburban waived its right to seek such review.  *See* Weinstein, 2015 VT 136, ¶ 19.

We are also concerned about the apparent circumstances under which the Town derived this supposed waiver from Suburban.  After the DRB held its hearing on Suburban's application and granted it conditional use and site plan approval, a Suburban representative was directed by

the Town to sign a copy of the approval.  The supposed waiver provision is located just above where the Suburban representative was directed to sign.  We are left to wonder whether Suburban would have been able to rely upon the approval, had its representative refused to sign (a refusal which very well may have come about, had Suburban or its representative been specifically advised that Suburban was waiving its independent appellate rights).  Under these circumstances, we question whether any waiver could be deemed voluntary and enforceable.

At this stage, we cannot conclude that the Court lacks subject matter jurisdiction or that Suburban's Statement of Questions fails to state a cognizable claim.  The Town's motion is therefore **DENIED**.


**So Ordered.**


Electronically signed on June 1, 2020 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division



Notifications:

Allan J. Sullivan (ERN 8338), Attorney for Appellants Ben Weiss, Sanfra Weiss,
     and Weiss Properties LLC

Christopher D. Roy (ERN 1352), Attorney for Cross Appellant Suburban Propane, LP

Merrill E. Bent (ERN 5013), Attorney for the Town of Manchester